IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


VINCENT LEON, INDIVIDUALLY, AS FATHER
AND NEXT FRIEND, AND AS ADMINISTRATOR
OF THE ESTATE OF HIS MINOR CHILD,
JEAN-AH LEON & MANDI LEON                           PLAINTIFFS

VS.                        CIVIL ACTION NO. 5:15-cv-72(DCB)(MTP)

JOHN DALE, IV; PATRICK P. BURNS, JR.; BAD BOY
ENTERPRISES, L.L.C.; BB BUGGIES, INC. (D/B/A
BAD BOY BUGGIES); E-Z-GO; & TEXTRON, INC.          DEFENDANTS


MEMORANDUM OPINION AND ORDER

This case was removed to this Court from the Circuit Court of Adams County, Mississippi on July 24, 2015, by defendants BB Buggies, Inc., and Textron, Inc., alleging federal question jurisdiction.  On July 27, 2015, the plaintiffs filed a motion to remand **(docket entry 9)**.  The motion has now been fully briefed. Having carefully considered the motion, the memoranda of the parties, and the applicable law, and being fully advised in the premises, the Court finds as follows:

Vincent and Mandi Leon, individually and on behalf of their minor daughter, Jean-Ah Leon, filed suit against the defendants in the Circuit Court of Adams County, Mississippi, in 2012, seeking damages for catastrophic vertebral and other injuries Jean-Ah Leon suffered in 2011, and alleging that their daughter was injured as a result of a defective steering system of a Bad Boy Buggie vehicle she was driving.

On July 24, 2015, BB Buggies, Inc., and Textron (hereafter

"the Textron defendants") filed their Notice of Removal pursuant to
28 U.S.C. §§ 1331, 1441 and 1446, alleging that this civil action
arises under the Constitution, laws, or treaties of the United
States, and asserting that they first ascertained that this case
was removable on June 25, 2015, during a hearing on the plaintiffs'
motion for a continuance of a hearing on the Textron defendants'
motion for summary judgment, and on the plaintiffs' motions to
compel production of documents.

Specifically, the Textron defendants assert that although the
plaintiffs are pursuing "common law negligence" claims against
them, the plaintiffs propounded discovery concerning their
voluntary recall of the Bad Boy Buggies' steering mechanism,
claiming that "the recall is part of our claim.  It shows that our
steering assembly, we believe, broke in the same spot.
Communications between the defendants, involving the defendants,
concerning the recall, reasons for the recall, participation in the
recall [are] direct and relevant to our claim."  Notice of Removal,
¶ 13 (quoting plaintiff's counsel at the hearing).

> Another issue that we've asked for is all the recall
> correspondence involving Bad Boy Buggies' vehicles.  We
> believe we're entitled to that, because it shows how the
> defendant treated other recalls.  We have a claim that we
> believe they should have recalled something sooner.  We
> obviously would want to see how they treated other
> recalls when they decided to recall other things, how
> they decided to do it, and what testing they decided to
> do.
>
> . . .

2

The recall documents, we believe there's more from
Textron out there from other recalls, correspondence with
the C.P.S.C. [Consumer Product Safety Commission].   I
think Mr. Williams addressed some of that, but we believe
that we're entitled to know how they handled other
recalls involving similar products, so we can test that
against how they handled them in this case.

. . .

[W]e're interested in how they [the Textron defendants]
handled other Bad Boy recalls.   That's it.   We have
common law negligence claims, which they [sic] have a
right to if they're not a manufacturer.   We think they've
waited too long to recall this product, this buggy –

Notice of Removal, ¶ 13 (quoting plaintiff's counsel at the

hearing).

    The state court granted the plaintiffs' motion to compel

discovery responses.   The Textron defendants now claim that

[t]his Court has original jurisdiction over this case
pursuant to 28 U.S.C. § 1331 because, as articulated for
the first time at the hearing held on June 25, 2015,
Plaintiffs' only independent theory of liability against
the Textron Defendants arises under the Constitution,
Laws, or treaties of the United States.   Specifically,
Plaintiffs' new claim against the Textron Defendants
necessarily depends on an interpretation of the CPSA
[Consumer Product Safety Act] and challenges the CPSC's
exclusive authority to regulate and administer recalls.
15 U.S.C. § 2051, et seq.   This matter is therefore
removable pursuant to 28 U.S.C. § 1441(a).

Notice of Removal, ¶ 14.

    Title 28, section 1446, provides that a notice of removal

"shall be filed within 30 days after the receipt by the defendant,

through service or otherwise, of a copy of the initial pleading

setting forth the claim for relief upon which [the plaintiff's]

action or proceeding is based, ... [or] if the case stated by the

3

initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(a),(b)(3).

The Textron defendants contend that the plaintiffs' discovery requests, as articulated at a hearing before the state court, constitute an "other paper" under § 1446(b)(3).  There is authority supporting the proposition that both discovery requests and statements made in court can constitute an "other paper."  See John Hunter, Inc. v. Great Impressions Apparel, Inc., 313 F.Supp.2d 644, 646 (N.D. Tex. 2002)(request for admissions constitutes "other paper"); Ortega v. Foley's Department Stores, L.P., 2005 WL 1025794, *2 (N.D. Tex. May 2, 2005)(statements made in court can be "other paper").  However, the information supporting removal in the "other paper" must be "unequivocally clear and certain." Snipes v. CSX Transportation, 2009 WL 2872798, *1 (S.D. Miss. Aug. 31, 2009) (citing Bosky v. Kroger Texas, LP, 288 F.3d 208, 211 (5th Cir. 2002)).  "Other paper" is defined as "the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction." Addo v. Globe Life and Acc. Ins. Co., 230 F.3d 759, 762 (5th Cir. 2000). The defendant's subjective knowledge cannot convert a case into a removable action. Chapman v. Powermatic, Inc., 969 F.2d 160, 163

(5th Cir. 1992).

The Textron defendants assert 28 U.S.C. § 1331 as their basis for federal subject matter jurisdiction.  Section 1331 provides that federal courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  The usual test of whether an action arises under federal law for purposes of so-called "federal question" jurisdiction pursuant to § 1331 is the "well-pleaded complaint" rule, which provides that a case arises under federal law within the meaning of the statute only when federal law appears on the face of a plaintiff's complaint.  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

> The paramount policies embodied in the well-pleaded complaint rule ... [are] that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the case heard in state court.

Id. at 398-99.

The policy underlying the well-pleaded complaint rule restricts federal question jurisdiction to cases asserting claims for relief under federal law, and preserves a plaintiff's right to choose his forum, thereby avoiding a number of potential federal-state conflicts.  Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for So. Cal., 463 U.S. 1, 9-10 (1983). This underlying policy also protects the proper balance of power between federal and state courts by favoring narrow construction of

removal jurisdiction.  "Because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, ... which mandate strict construction of the removal statute." <u>Carpenter v. Wichita Falls Indep. Sch. Dist.</u>, 44 F.3d 362, 365-66 (5th Cir. 1995)(citations omitted).

In this case, nothing in the record shows that the plaintiffs are asserting any claims founded upon federal law, rather than state law.  "[T]he party who brings a suit is master to decide what law he will rely upon, and therefore does determine whether he will bring a 'suit arising under' the ... law of the United States by his declaration or bill." <u>The Fair v. Kohler Die & Specialty Co.</u>, 228 U.S. 22, 25 (1913).  The well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." <u>Caterpillar</u>, 482 U.S. at 392.  Accordingly, where a complaint asserts only state-law rights of action, it is "immaterial ... that the plaintiff could have elected to proceed on a federal ground," and "[i]f the plaintiff decides not to invoke a federal right, his claim belongs in a state court." <u>Pan Am. Petroleum Corp. v. Superior Court of Del.</u>, 366 U.S. 656, 663 (1961).  Even if the same facts could have been the basis for a federal claim, a plaintiff's state law claim is not thereby transformed into a federal claim for purposes of federal question jurisdiction.  See <u>Mississippi v. Abbott Labs,</u>

6

Inc., 900 F.Supp. 26, 33 (S.D. Miss. 1995)(state antitrust claims were not removable to federal court, even though the allegations of the complaint could support a claim under federal antitrust law).

"Federal jurisdiction cannot be based on surmise or guesswork (however probable)." Schaefer v. Nash, 149 F.R.D. 583, 584 (N.D. Ill. 1993). "[A] removal based on the existence of a federal question must allege all facts essential to the existence of that federal question. The existence of a federal question cannot be left to mere speculation." Sumter Req'l Hosp. v. Patten Seed Co., 2006 WL 1054301, *1 (M.D. Ala., May 14, 1996). In this case, the plaintiffs do not assert directly any claim based upon a federal law, nor do their state law product liability claims implicate significant federal issues or turn on substantial questions of federal law.

Mere reference to, or reliance upon, a federal statute in support of a state law claim does not automatically yield federal jurisdiction. Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 813 (1986). The Leons are seeking discovery concerning recalls by the defendants, including communications between defendants, reasons for the recalls, and participation in the recalls. That the recalls are governed by federal law does not transform discovery requests into a federal cause of action. In In re Bridgestone/ Firestone, Inc., 260 F.Supp.2d 722 (S.D. Ind. 2003), the plaintiffs asserted, as a factual basis for their state

law claims, that the defendants failed to recall allegedly defective tires, an assertion that implicated the National Traffic and Motor Vehicle Safety Act ("NTMVSA" or "Safety Act") because the NTMVSA creates a statutory duty to recall defective tires under certain circumstances.   The district court found that "the fact that the plaintiffs' state law claims may implicate certain provisions of the Safety Act is not sufficient to create federal question jurisdiction, especially in light of the fact that the Safety Act does not create a private right of action."   Id. at 725.

In Thompson, the Supreme Court held that "a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'"   Thompson, 478 U.S. at 817.   Therefore, there is no federal jurisdiction in such cases.   Bridgestone/Firestone, 260 F.Supp. at 725.

The preemption doctrine has its origins in the Constitution: "the Laws of the United States ... shall be the supreme Law of the Land."   U.S. Const., art. VI, cl. 2.   Under this doctrine, state law is preempted by federal law in three circumstances: (1) where Congress has expressly stated its intent to preempt state law in a statute; (2) where Congress has impliedly preempted the field through regulation; or (3) where there is a conflict between the

federal law and the state law. <u>Cipollone v. Liggett Group, Inc.</u>, 505 U.S. 504, 516 (1992).

Although the Fifth Circuit has not addressed whether the CPSA provides a private right of action, every circuit court that has done so has concluded that the CPSA, like the NTMVSA, "does not create a private right of action 'based on an injury resulting from noncompliance with the product hazard reporting rules issued by the Commission.'" <u>Williamson v. Wal-Mart Stores, Inc.</u>, 2015 WL 1565474, *7 (M.D. Ga. April 8, 2015)(quoting <u>Drake v. Honeywell, Inc.</u>, 797 F.2d 603, 611 (8th Cir. 1986); and citing <u>Kloepfer v. Honda Motor Co.</u>, 898 F.2d 1452, 1457 (10th Cir. 1990); <u>Benitez-Allende v. Alcan Aluminio do Brasil, S.A.</u>, 857 F.2d 26, 35 (1st Cir. 1988); <u>Copley v. Heil-Quaker Corp.</u>, 818 F.3d 866 9table), 1987 WL 37429, at *2 (6th Cir. 1987)(per curiam); <u>Zepik v. Tidewater Midwest, Inc.</u>, 856 F.2d 936, 942 (7th Cir. 1988)). In addition, two Southern District of Mississippi opinions have reached the same conclusion. <u>See</u> <u>Summerlin v. Scott Petroleum Corp.</u>, 324 F.Supp.2d 810, 814 (S.D. Miss. 2004)(finding "that the CPSA forms only a minimum safety standard, and that its provisions are not intended to completely replace or preempt state common law causes of action."); <u>Garcia v. Premier Home Furnishings</u>, 2013 WL 6001345, *3 (S.D. Miss. Nov. 12, 2013)(same).

Moreover, the CPSA contains a "savings clause" which provides: "'Compliance with' a federal safety standard 'does not exempt any

person from any liability under common law.'" <u>Summerlin</u>, 324
F.Supp.2d at 814 (quoting 15 U.S.C. § 1397(k)).  In <u>Drake</u>, the
Eighth Circuit held:

> Whether the purpose sought by Congress, to prevent
> consumer product injuries, would be better achieved by
> arming injured consumers with the authority to enforce
> reporting requirements ... is a judgment we must leave to
> Congress.
>
> The federal courts cannot "engraft a remedy on a
> statute, no matter how salutary, that Congress did not
> intend to provide." <u>California v. Sierra Club</u>, 451 U.S.
> 287, 297 ... (1981).  We believe that neither the
> structure of the Act, its relationship to well-settled
> principles of administrative law, its legislative
> history, nor its practical consequences, demonstrates
> that Congress intended a private cause of action to arise
> based on an injury resulting from noncompliance with the
> product hazard reporting rules issued by the Commission.

797 F.2d at 611 (footnote omitted).

As partes seeking removal and opposing remand, the Textron
defendants have the burden of establishing federal subject matter
jurisdiction.  Federal question jurisdiction exists when "the
plaintiff's right to relief necessarily depends on resolution of a
substantial question of federal law." <u>Franchise Tax Bd.</u>, 463 U.S.
at 27-28.  "It is long settled law that a cause of action arises
under federal law only when the plaintiff's well-pleaded complaint
raises issues of federal law." <u>Metropolitan Life Ins. Co. v.
Taylor</u>, 481 U.S. 58, 63 (1987).  Ordinarily, federal preemption is
a defense and will not support removal.  <u>Id</u>.  Only complete
preemption (which permits a district court to convert an ordinary
state common-law complaint into one stating a federal claim) acts

as an exception to the well-pleaded complaint rule. However, complete preemption does not apply here. "[T]he presence of the federal issue as an element of the state tort is not the kind of adjudication for which jurisdiction would serve congressional purposes and the federal system." <u>Merrell Dow</u>, 478 U.S. at 814. Based on the foregoing caselaw and analysis, the Court finds that this case must be remanded to state court for want of federal jurisdiction under 28 U.S.C. § 1331.

The plaintiffs also seek attorneys fees and costs from the removing defendants. A district court may grant attorney's fees and costs only when the removing party lacks "an objectively reasonable basis for seeking removal." <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005). The removing defendants have presented an objectively reasonable basis for seeking removal; therefore, attorneys fees and costs are not warranted in this case.

Accordingly,

IT IS HEREBY ORDERED that the plaintiffs' motion to remand **(docket entry 9)** is GRANTED, and a separate Order of Remand, remanding this case to the Circuit Court of Adams County, Mississippi, shall be filed of even date herewith;

FURTHER ORDERED that the plaintiffs' request for attorneys fees and costs **(docket entry 9)** is DENIED;

FURTHER ORDERED that the plaintiffs' motion to expedite consideration of motion to remand **(docket entry 11)** is GRANTED;

11

FURTHER ORDERED that the removing defendants' motion for oral argument **(docket entry 34)** is DENIED;

FURTHER ORDERED that the removing defendants' motion to file sur-reply to plaintiffs' motion to remand **(docket entry 36)** is GRANTED, the Court having considered the sur-reply attached to the defendants' motion;

FURTHER ORDERED that the following motions are all denied without prejudice, since this case is being remanded and the motions may be brought before the state court: **docket entries 25, 26, 37, 39, 44, 47, 48, 49, 50, 51, 52, 53.**

SO ORDERED, this the 2nd day of September, 2015.


/s/ David Bramlette
UNITED STATES DISTRICT JUDGE

12